which requires the punishment that Mr. Flores received to be like the punishment that he could have received in Texas. A sentence of one year supervised release in addition to the two years that he could have received in Texas is nothing like two years of imprisonment. Supervised release affects a substantial restriction on his liberty. Flores is required to submit to drug testing, report his residence, receive permission to travel outside of the probation officer truthfully, permit visits from the probation officer at his home or elsewhere without permission without notice, not communicate with felons, maintain full-time employment, submit to searches based on reasonable suspicion, participate in substance abuse treatment program and other conditions as well. If he violates any of those conditions he can be sentenced to an additional term of imprisonment of one year. Therefore the additional year supervised release is nothing like what he could have received in Texas. Other circuits and opinions mostly from the 1990s have determined that federal sentencing policy permits a term of supervised release beyond the maximum punishment available in the Assimilated Crimes Act. Those cases should not be followed by this court particularly in light of the Supreme Court's reasoning in Haymond and this court's opinion in Mar-a-Lago. In Mar-a-Lago this court said that like punishment requires that state law determine the maximum sentence and the minimum sentence. The effect of supervise the supervised release term is to increase the maximum sentence involved in state court. As the Supreme Court said in Haymond, supervised release terms arise from and are treated as part of the penalty for the initial offense. The Texas courts cap Mr. Flores's penalty for this offense at two years by adding the additional supervised release and the possible additional year of imprisonment if that supervised release is violated. That initial term of imprisonment was increased by two years. And the problem with the sort of Fourth Circuit reasoning is that it engages in sort of this two-step analysis that ends up showing that supervised release is not like the probationary or parole type sentences available in state court. Specifically the Fourth Circuit's argument is you know we when you impose a term of supervised release federal federal Senate the nature of supervised release is that it's imposed after imprisonment and in addition to a term of imprisonment. But that shows how it's unlike probation or parole. Parole is not imposed in addition to a term of it's granted conditionally to people in lieu of terminating their term finishing their term of imprisonment. And finally the rationale behind allowing people to be on parole or probation which is that the Fourth Circuit relies on which is that it allows to them to reintegrate into society is still available if you adopt Flores's argument here. Because the argument is not that the district court could not impose supervised release at all. It's just that the district court was bound in its punishment by 18 the assimilated Crimes Act to impose a like punishment to that involved in Texas court. Meaning that the only restriction is that the term of imprisonment in addition to the supervised release could not exceed the two years of punishment available under the state law. That still achieves the federal goal of allow the goal of allowing an easy reintegration into society. It just tells district courts you can impose imprisonment and you can impose supervised release but just as you are capped in the term amount of imprisonment you can impose by the state law you are capped by in the term of imprisonment and supervised release that you can impose in federal law. And so just to sum up I suppose I think it's useful to think about the term of like punishment from the perspective of a foreign assimilated Crimes Act violation. In Texas they're told you're gonna be done with this case in two years no matter what happens. Even if you get out on parole if you violate the maximum time amount of time you're gonna spend in prison is two years. No person would consider having the very intimate relationship that you have with a probation officer when you're on supervised release combined with the possibility of further incarceration for an additional third year to be like or similar to the two years that are available in state court. If there are not any questions. Yes okay so this is a little bit contingent on what the court does in the 22 action correct? Yes sir. So if the court sets aside the jury verdict, I'm not saying it's going to, what happens? If the court sets aside, so I have two arguments in the previous action. If the court vacates the jury's verdict for insufficient evidence I think the court would have to remand for with instructions to dismiss which would make this appeal I guess moot or it would dispatch for this appeal. And Johnson in the Supreme Court and Lipscomb April 2023 would mandate that right? I think so. So I think we would what you would vacate you know his sentence including the term of supervised release we would remand and if you would if you if I prevailed on sufficiency I would you would instruct the district court to dismiss. If I were to prevail on the constructive amendment argument you would instruct the district court to order a new trial in which case you would still vacate the sentence and I think that would do away with this appeal as well. So I think we only reach this issue if the government prevails. Thank you. Yes if there's no other questions I'll yield my time to the court. May it please the court. So with respect to the supervised release term every court every circuit that has addressed this issue has found that the imposition of the supervised release term is permissible under the Assimilated Crimes Act and that's because the Assimilated Crimes Act is it's it's not the enforcement of state law it's the assimilation of state law enforcing federal law and it's to fill gaps where those gaps exist but where there are conflicts between the state law and federal sentencing law and policy then federal law trumps. With respect to Marmolejo Marmolejo I don't you know there's no issue with that opinion here it says that it's similar not the same when this court is considering similarity it takes into account the facts of the individual case and then also federal sentencing policy when making that decision about what to and also this again this is not just one for the one circuits analysis appellant referred to this as the fourth circuits analysis this is analysis that has been applied by the Fourth Circuit the Eighth Circuit the Ninth Circuit and the Eleventh Circuit and even the Tenth Circuit in Chapman which is dealing with a probation issue the Tenth Circuit favorably cites to these cases with respect to supervised release. Also the result here is not inconsistent with what happens under federal law it's well understood under federal law that you can be you can serve a maximum statutory sentence and still serve supervise a term of supervised release and be revoked that's well as well established under I think in every circuit. And I'd also just like to point out that here federal law makes this supervised release available for the to ease their transition in the society it's individualized supervision for rehabilitation and it's distinct from incarceration protects our communities and Mr. Flores agreed at sentencing that he could benefit from supervision here and that's at 570. And if there are no further questions I will yield my remaining time to the court. Just very briefly the federal law under the Assembly to Require Crimes Act requires that the sentence be similar. The reasoning that the Fourth Circuit implied uses explains why supervised release is not similar to probate to probation or parole particularly when it exceeds the term of imprisonment that a person could be punished under in the state law. There is simply no mechanism in Texas courts but that functions the way that supervised release functions under federal law. As the government points out federal law authorizes supervised release to be imposed in addition to the maximum term of imprisonment. Texas law does not contain a provision like that. Mr. Flores did agree that he needs supervision. He specifically asked the district court to impose a sentence of four months of incarceration to be followed by a year of supervised release and that would have been a compliant sentence because there are some similarities and that supervised release is like parole is like other supervisory sentences that are available in the state court but where it becomes dissimilar and prohibitively so under the Assimilated Crimes Act is when it authorizes a punishment and imprisonment beyond the maximum authorized by Texas courts. Marmolejo tells us that the Texas courts in order to establish a like sentence set the maximum and minimum this court should respect Texas's decision that the maximum sentence a jury authorizes when it convicts somebody of endangering a child is the is the maximum established by the state court and the Tenth Circuit in Chapman explicitly says that it's declining to follow the holdings like Gaskell that find that federal policy somehow trumps the requirement of the Assimilated Crimes Act for the for the punishments to be similar. If there are no further questions. Mr. O'Neill we realize your court appointed and I just want to say that you've done a very very good job in representing your client by the oral advocacy in your briefing. Thank you. That will conclude proceedings for today. The court will stand adjourned until 9 o'clock in the morning.